IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JUAN DANIEL PAREJA GIRALDO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-149-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Juan Daniel Pareja Giraldo's Petition for a Writ of Habeas Corpus, ECF No. 1.  Pareja Giraldo is detained at Camp East Montana in El Paso, Texas. Pet. ¶¶ 1, 26, 65.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* at 9–11, 17.

Pareja Giraldo entered the country in September 2022, was placed in removal proceedings, and subsequently released.  *See id.* ¶¶ 2, 64–65.  On September 11, 2025, Pareja Giraldo was arrested on his way to work by Immigration and Customs Enforcement ("ICE") and re-detained.  *Id.* ¶¶ 5, 17, 65.  In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Pareja Giraldo's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Pareja Giraldo's case warrant a different outcome."  *Id.* at 2.

Respondents appear to distinguish Pareja Giraldo's case from *Lopez-Arevelo* on the basis that Pareja Giraldo was first placed in expedited removal proceedings upon entry into the United

States. Resp. 2–4, ECF No. 4.  Therefore, they argue, Pareja Giraldo is subject to mandatory detention while his asylum application remains pending, under a different Board of Immigration Appeals' ("BIA") decision than the one that they argued was controlling in *Lopez-Arevelo*.  *Id.*

For due process purposes, this is a distinction without a difference.  The crux of *Lopez-Arevelo,* and subsequent decisions by this Court, is that the petitioners were re-detained without any individualized custody determination after previously being released into the United States.  *See, e.g., Lopez Arevelo*, 2025 WL 2691828, at *1–13.  The Court assumed without deciding that the BIA was correct in its statutory analysis but held that due process requires a meaningful hearing before the Government can re-detain someone that they previously released.  *Id.* at * 7– 11.   Here, too, the Government released Pareja Giraldo and permitted him to spend three years in the United States.  They may not, therefore, revoke that liberty without an individualized determination of the need to do so.  *See id.*

As for the rest of Respondents' arguments, the Court has already rejected nearly all of them.[1]  *Compare* Resp. 2–8, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

---

[1] Respondents also argue that an order issued in the Central District of California regarding mandatory detention under 8 U.S.C. § 1225(b) is not preclusive and does not separately entitle Pareja Giraldo to the relief he requests.  Resp. 7–8.  The Court need not reach this issue because it finds that Pareja Giraldo succeeds on his own procedural due process claim, assessed independently of the California decision.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Pareja Giraldo's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 10, 2026**, Respondents shall either: (1) provide Pareja Giraldo with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Pareja Giraldo's continued detention; or (2) release Pareja Giraldo from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 10, 2026**, Respondents shall **FILE** notice informing the Court whether Pareja Giraldo has been released from custody. If Pareja Giraldo has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 10, 2026, deadlines.**

---

[2] Respondents assert that, "[o]n January 13, 2026, Petitioner was going to have a bond hearing in immigration court but it was withdrawn by the Petitioner." Resp. 2. Respondents, however, do not argue that Pareja Giraldo has failed to exhaust his administrative remedies, *see generally id.*, and this Court has already rejected such an argument, *see Lopez-Arevelo*, 2025 WL 2691828, at *6–7. Thus, the relevant facts are undisputed, *see* Resp. 2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

4

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE