IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN DANIEL PAREJA GIRALDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-149-KC |
| | § | |
| MARY DE ANDA-YBARRA et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Juan Daniel Pareja Giraldo's Motion to Enforce Judgment ("Motion"), ECF No. 7, and Motion for Leave to File Sealed Documents ("Leave Motion"), ECF No. 9. On February 3, 2026, the Court granted in part Pareja Giraldo's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Feb. 3, 2026, Order 3, ECF No. 5. Respondents were to comply no later than February 10, 2026. *Id.*

On February 10, Respondents filed a Status Report, ECF No. 6, informing the Court that a bond hearing was held before an Immigration Judge ("IJ") on February 5. The IJ denied Pareja Giraldo bond, "finding that the Department of Homeland Security demonstrated, by clear and convincing evidence that Petitioner poses a significant flight risk, as he lacks any lawful means to remain in the United States and is unlikely to depart voluntarily if ordered to do so." *Id.* at 1; *see id.* Ex. A. ("Feb. 5, 2026, IJ Order"), at 1, ECF No. 6-1. Pareja Giraldo filed a motion to reconsider, which was denied by the IJ because "[d]ecisions in B*uenrostro-Mendez*

*v. Bondi*, Nos. 25-20496, 25-40701 (5th Cir. Feb. 6, 2026), and *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025) establish that the court lacks jurisdiction to grant the requested relief." Status Report 1; *id.* Ex. B ("Feb. 10, 2026, IJ Order") at 1, ECF No. 6-2.

On January 10, Pareja Giraldo filed his Motion, arguing that Respondents have failed to comply with the Court's February 3 Order because "he was not provided with a 'meaningful' bond hearing" and thus seeks an order directing his immediate release. Mot. ¶ 1. Pareja Giraldo argues that his bond hearing was not meaningful because "the [IJ] failed to apply the law correctly" by only considering Pareja Giraldo's eligibility for relief and not other factors, such as community ties. *See id.* ¶¶ 7–8. Pareja Giraldo also argues that the IJ's denial of his motion to reconsider on jurisdictional grounds was violative of this Court's Order and limits his ability to appeal the bond denial or receive a substantive decision on the motion to reconsider. *Id.* ¶¶ 10–11.

This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, at the February 5 bond hearing, the IJ made factual findings regarding Pareja Giraldo's flight risk. Although the IJ subsequently denied Pareja Giraldo's motion for reconsideration for lack of jurisdiction, citing *Buenrostro-Mendez* and *Matter of Yajure Hurtado*, this does not alter the fact that the IJ conducted a bond hearing on February 5 and made a flight risk determination in compliance with the Court's Order. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See id.* And Pareja Giraldo points to no authority, in this Court's Order or elsewhere, that entitles him to

a substantive decision on his motion to reconsider or an appeal of the bond denial after he elected to file a motion to reconsider instead of directly appealing the bond denial.

As for Pareja Giraldo's request to seal the exhibited motion to reconsider, Respondents are unopposed to this request. *See* Leave Mot. Because the motion to reconsider includes Pareja Giraldo's asylum application, which contains sensitive personal information, the Court finds good cause to seal the exhibit. *See id.*

It thus appears that no matters remain pending for the Court's consideration. *See generally* Pet., ECF No. 1; Feb. 3, 2026, Order.

Accordingly, the Court **ORDERS** that the Motion, ECF No. 7, is **DENIED**.

**IT IS FURTHER ORDERED** that the Leave Motion, ECF No. 9, is **GRANTED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** this 12th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE